**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**FILED**

ı 2009 MAR -9 l P 3: 10

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JAX…  …ILE3 LORIDA

LORA ROBERTS,

    Plaintiff,

CASE NO. 3: 07 cv 219-J-34 HTS

v.

CENTRAL CREDIT SERVICES INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, LORA ROBERTS ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, CENTRAL CREDIT SERVICES INC., alleges and affirmatively states as follows:

### INTRODUCTION

1.    Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.    Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5.    Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6.     Plaintiff is a natural person who resides in Oxon Hill, Prince George's County, State of Maryland.

7.     Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.     Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the Jacksonville, Florida.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12.     Defendant called from 888-682-2282 (Jim Harris), 800-419-9130 (Mr. Ryan), 877-780-0247 (Ms. Todd), 888-866-0401 (Diana Stone), 866-489-4524, from unknown, blocked or private numbers.

13.     Defendant callers referred to Plaintiff's "case" as #3647378.

14.     Defendant called Plaintiff at her work number, 703-637-5050 and Plaintiff's supervisor, Chong U. (LC) Yi's direct line at 703-637-5043.

15.     Defendant threatened to garnish Plaintiff's wages.

16.     Defendant threatened to file a lawsuit against Plaintiff.

17.     Defendant callers left several voicemail messages on Plaintiff's answering machine that did not disclose that the call was from a debt collection agency, or the call was

made for the purpose of debt collection.  (See voicemail messages attached as Exhibit A.)

18.     Defendant did not send Plaintiff a debt validation letter.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,**
**(FDCPA), 15 U.S.C. § 1692 et seq.**

19.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

a.   Defendant violated *§1692c(b)* of the FDCPA because Defendant engaged in prohibited communication practices by contacting Plaintiff's supervisor at work.

b.   Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

c.   Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiff's wages even though Defendant did not intend to take such action.

d.   Defendant violated *§1692e(5)* of the FDCPA because Defendant made a false or misleading statement by threatening to take legal action against Plaintiff even though Defendant did not intend to take such action.

e.   Defendant violated *§1692e(10)* of the FDCPA because Defendant used false representation or deceptive means to collect a debt or obtain information concerning consumer by stating that Defendant is going to sue Plaintiff.

f.   Defendant violated *§1692e(10)* of the FDCPA because Defendant used false representation or deceptive means to collect a debt or obtain information concerning consumer by stating that Defendant is going to initiate wage

garnishment against Plaintiff.

g.  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

h.  Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20.   As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation. (*See* Exhibit B.)

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

21.   Declaratory judgment that the Defendant's conduct violated the Federal Act,

FDCPA.

22.    Actual damages.

23.    Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

24.    Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C.

25.    Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,


By:    _____/s/ Aaron D. Radbil_____
       Aaron D. Radbil
       Krohn & Moss, Ltd
       120 W Madison St, 10th Floor
       Chicago, IL 60602
       (312) 578-9428 ext. 281
       Attorney for Plaintiff
       FBN: 0047117


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LORA ROBERTS, hereby demands trial by jury
in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MARYLAND)

       Plaintiff, LORA ROBERTS, says as follows:

1.     I am the Plaintiff in this civil proceeding.
2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.     I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.     Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.     Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

       Pursuant to 28 U.S.C. § 1746(2), I, LORA ROBERTS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2-20-09

                                LORA ROBERTS,
                                Plaintiff

**EXHIBIT A**

**(Plaintiff's Counsel in Possession of Voicemails, Available Upon Request)**

**EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES NO
2. Fear of answering the telephone — YES NO
3. Nervousness — YES NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — YES NO
6. Depressions (sad, anxious, or "empty" moods) — YES NO
7. Chest pains — YES NO
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — YES NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — YES NO
15. Negative impact on my relationships — YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: Loss of credibility at work Boss threatened adverse job action

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2-20-09

Signed Name

Printed Name: Lora J Roberts